## Baxter v. Davenport, Appellant.

*Affidavit of defense—Contract—Building contract—Practice, C. P.*

1. In an action to recover a balance claimed to be due on a contract in writing to rebuild a stable, an affidavit of defense is sufficient which avers that the defendant had purchased certain materials specified at a price stated, which it was the duty of the plaintiff to furnish, and that it had been agreed that such amount should be considered a credit on account of the contract price; and further that plaintiff had not performed the work in a good and workmanlike manner, but that one of the walls had been so badly built it was in danger of falling in and had to be supported by a block tackle even during the period of construction, and that defendant had remonstrated with plaintiff as to the character of the work, but that notwithstanding this, the wall had been finished in such an imperfect manner that it was four or five inches out of plumb and likely to fall in, and would entail the cost of a specified sum to rebuild it.

2. In such a case where the plaintiff also claims to recover for extra labor and material alleged to have been furnished under a parol contract made subsequent to the written contract, an affidavit of defense is sufficient which flatly denies the making of any verbal contract or the furnishing of any extra work or materials, and avers that all of the said materials and labor had been necessarily furnished in the performance of the written contract.

Argued Oct. 17, 1913.  Appeal, No. 135, Oct. T., 1913, by defendant, from order of C. P. No. 00, Phila. Co., March T., 1913, No. 3,349, making absolute rule for judgment for want of a sufficient affidavit of defense as to a portion of the claim shown to be insufficient in case of Charles E. Baxter v. John Davenport.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.  Reversed.

Assumpsit to recover balance alleged to be due on a building contract.

Rule for judgment for want of a sufficient affidavit of defense.

From the record it appeared that the plaintiff claimed to recover $925 on a written contract to rebuild a stable, and $343.70 for extra work and material alleged to have been furnished under an alleged subsequent parol contract, less $600 paid on account.

The material portions of the affidavit of defense were as follows:

4. In answer to paragraph IV of plaintiff's statement, the defendant absolutely denies that the plaintiff did any extra work, or that the plaintiff and defendant entered into a verbal contract either on December 6, 1912, or on any other date, that the plaintiff should do extra work for the defendant, or furnish extra materials not included in the written contract.  Whatever piers were built, whatever bricks supplied, or lumber used, in and about the building of the said stable, were included in the original contract, and this defendant avers that he never ordered any additional work and never agreed to pay for any additional work as extra work over and above the contract, and he is not indebted to the plaintiff in the sum of $343.70, or any part thereof, as set forth in plaintiff's statement, paragraph IV.

5. In answer to paragraph V of plaintiff's statement, this defendant admits that $925 was the contract price, but he avers that he has not only paid the $600 on

account thereof, as set forth in plaintiff's statement, but he has also paid $134.85 for girders, which the plaintiff requested the defendant to purchase from Henry A. Hitner's Sons Company for him, amounting to $134.85, which girders were bought by the defendant and delivered to the plaintiff, and for which the defendant has paid the sum of $134.85, and which the plaintiff agreed should be considered as a credit on the contract price for the stable, to wit, $925, which makes the total payments the defendant has made to the plaintiff $734.85, which would have left due by the defendant to the plaintiff $190.15, if the plaintiff had properly performed his work, which the defendant avers he has not done.

6. In answer to paragraph VI of plaintiff's statement, the defendant avers that instead of rebuilding the stable in a good and workmanlike manner, he built it in such a way that the new wall on American street, while he was building it, was in danger of falling in, and he had to put a block and tackle to prevent it falling in. This defendant instructed his agents not to permit the plaintiff to go on any further with the building of the wall in that condition, but the plaintiff and his workmen ignored such instructions, and with the assistance of the block and tackle, continued to build. The wall is now in condition where it is four to five inches out of plumb, and in danger of falling. It is not a good and workmanlike job, and the defendant has requested the plaintiff to put the said building in a condition that it is safe, and to make a good and workmanlike job of it, which the said plaintiff has refused to do. That if the defendant is compelled to get another contractor to take down the walls and build them in a workmanlike manner, that it will cost him at least $500, and that unless the plaintiff does put them in this condition, defendant will be compelled to do so, and charge the plaintiff with the amount of same.

The court made absolute the rule for judgment for

$190.15 as to which the affidavit of defense was found to be insufficient.

*Error assigned* was the order of the court.

*John Weaver*, for appellant, cited: Miller v. Phillips, 31 Pa. 218; Wilkinson v. Becker, 155 Pa. 194; Lane v. Penn Glass Sand Co., 172 Pa. 252.

*Frederick A. Sobernheimer*, for appellee, cited: Biernbaum v. Foster, 48 Pa. Superior Ct. 599; Miller v. Phillips, 31 Pa. 218; Wilkinson v. Becker, 155 Pa. 194; Lane v. Penn Glass Sand Co., 172 Pa. 252.

OPINION BY HEAD J., February 20, 1914:

The learned court below made absolute a rule for judgment for want of a sufficient affidavit of defense and the defendant appeals. The plaintiff rests his claim on two separate contracts, the first in writing, the second in parol. In the written contract the plaintiff alleges he agreed and undertook to take down and rebuild a stable for the defendant with thirteen inch brick walls, etc., for a specified price, which was afterwards slightly reduced by the parties on account of an agreement by the defendant to do a portion of the work himself. The plaintiff then alleges that he properly performed the work and claimed the amount of the contract price, less certain payments which had been made on account thereof.

The affidavit of defense, in reply to this portion of the claim, sets up first that the defendant had paid on account of the contract the sum of $134.85 by the purchase of girders to be used in the stable, which under the contract it was the duty of the plaintiff to furnish; but at the instance of the latter the defendant bought and paid for and supplied them, and it was agreed the price thereof should be considered a credit on account of the purchase money, which credit had not been

allowed. It alleged further that the plaintiff had not performed the work which he had undertaken to do in a reasonably good and workmanlike manner, but that one of the walls had been so badly built it was in danger of falling in and had to be supported by a block and tackle even during the period of construction. Further, that the affiant had remonstrated with the plaintiff as to the character of the work, but notwithstanding his efforts the wall was finished in such an imperfect manner that it was, at the time of the filing of the affidavit, four or five inches out of plumb and likely to fall in, which would entail upon the defendant the cost of rebuilding the same, estimated to be about $500. We regard such an affidavit as fairly putting in issue the question of a substantial performance of the contract by the plaintiff which was a condition precedent to his right to recover. We cannot reach the conclusion adopted by the learned court below that the record thus far presented a proper case for a summary judgment.

The plaintiff further averred that by the subsequent parol contract which he set up he undertook to perform extra labor and furnish extra material not included in the written contract, and that, as a result of this verbal undertaking, he had provided material and done labor to the extent of $343.70. As to this allegation of the statement, the defendant flatly denied that any such verbal contract had been made or that any extra work had been done or materials furnished; that all of the said materials and labor were necessarily furnished in the performance of the written contract, and that as a consequence he was not indebted to the plaintiff in the sum claimed for extra work or any part thereof. Again we are forced to conclude that an issue of fact was fairly raised by the pleadings, and that the defendant was entitled to have his case tried in the usual manner.

We have not before us a situation where the defendant not denying the claim of the plaintiff, seeks to set off

against such claim a counterclaim of his own, and the cases cited in the briefs of counsel, holding that a set-off, so advanced, must be pleaded with the same particularity as if it were the basis of an independent action do not apply. Even if we were to agree that the question of the sufficiency of the affidavit was a doubtful one, such a doubt should be resolved in favor of the right of the defendant to have his case tried by a jury to the course of the common law.

The judgment is reversed, the rule is discharged, and the record remitted with a procedendo. The costs of this appeal to be paid by the appellee.