## .. Baxter *v.* Davenport, Appellant.

*Costs—Rule for costs—Nonresident—Discharge of rule.*

When the court makes absolute a rule for judgment for part of plaintiff's claim with leave to proceed for the balance, and at the same time discharges a rule on plaintiff as a nonresident to enter security for costs, and the defendant on appeal secures a reversal of the order for judgment, but takes no appeal from the order as to costs, the defendant will not be entitled, as matter of absolute right, to maintain a second rule to enter security for costs inasmuch as the former rule on the subject was unappealed from and unreversed.

Argued Oct. 15, 1914. Appeal, No. 102, Oct. T., 1914, by defendant, from order of C. P. No. 2, Phila. Co., March T., 1913, No. 3,349, discharging rule to enter security for costs in case of Charles E. Baxter v. John Davenport. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Rule on nonresident to enter security for costs.

*Error assigned* was order discharging the rule.

*John Weaver*, for appellant.

*Frederick A. Sobernheimer*, for appellee.

OPINION BY RICE, P. J., December 7, 1914:

The plaintiff obtained a rule on the defendant for judgment for want of a sufficient affidavit of defense as to a portion of his claim with leave to proceed for the balance. The court made absolute the rule and on the same day discharged the defendant's rule on plaintiff as a nonresident to enter security for costs. The defendant appealed, assigning for error the first mentioned order but not the second and obtained a reversal of the judgment. (See Baxter v. Davenport, 55 Pa. Superior Ct. 602.) After the record had been returned

he obtained a second rule on the plaintiff to show cause why he should not give security for costs. An answer was filed by the plaintiff setting up the entry of the former rule and its discharge after answer filed and argument. In view of this adjudication which stood unreversed and unappealed from it is quite clear that the defendant was not in position to demand as matter of right that his second rule should be made absolute. To say the least it was as fully within the discretionary power of the court to refuse to make it absolute as it would have been to refuse to reopen the former adjudication.

The order is affirmed at the costs of the appellant. The defendant's motion for imposition of penalty is denied.